UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

FILED/REC'D

2026 JUN 24 P 2 48

CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

---

LM, a minor, by her parent and natural guardian, Cassandra Morter,

Plaintiff,

26-cv-587-wmc

v.

SCHOOL DISTRICT OF PHILLIPS,

Defendant.

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

## I. INTRODUCTION

1. is a civil rights action arising from Defendant's deliberate indifference to repeated and known incidents of physical harm inflicted upon Plaintiff LM, a minor, while she was under the care, custody, and control of the School District of Phillips.

2. Despite actual knowledge of ongoing student-on-student violence and resulting injuries, Defendant failed to take prompt and appropriate remedial action, failed to adequately investigate, and failed to implement measures necessary to ensure Plaintiff's safety.

3. Defendant's actions and omissions deprived Plaintiff of her right to a safe educational environment and resulted in physical injury, emotional distress, and educational disruption.

---

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the

5. Constitution and laws of the United States.

6. This action is brought under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, and 42 U.S.C. § 1983.

7. Venue is proper in this district because the events giving rise to these claims occurred within the Western District of Wisconsin.

---

## III. PARTIES

8. Plaintiff LM is a minor who, at all relevant times, was enrolled as a student in the School District of Phillips.

9. Plaintiff brings this action by and through her parent and natural guardian, [Your Name].

10. Defendant School District of Phillips is a public school district organized under the laws of the State of Wisconsin and is responsible for the supervision, safety, and well-being of its students.

---

## IV. FACTUAL ALLEGATIONS

11. Between approximately August 2023 and September 2024, Plaintiff was subjected to multiple incidents of physical harm while attending school within Defendant's district.

12. These incidents were not isolated but occurred repeatedly over time, demonstrating a pattern of unsafe conditions.

13. Plaintiff sustained visible injuries, including but not limited to red marks on her body.

14. In one particularly serious incident, Plaintiff suffered a laceration to her ankle after it was forcefully struck against or within a locker.

15. Defendant, through its employees and agents, had actual knowledge of these incidents.

16. School personnel were informed of Plaintiff's injuries and the circumstances surrounding them.

17. A staff member, Nikki Kaufman, directly contacted Plaintiff's parent regarding one of the incidents, confirming the school's awareness.

18. Despite such knowledge, Defendant failed to take reasonable and appropriate steps to prevent further harm.

19. Defendant failed to adequately investigate the incidents.

20. Defendant failed to implement protective measures.

21. Defendant failed to properly document the incidents.

22. Upon request for records, Defendant stated that little to no documentation exists concerning these events.

23. The absence of documentation, despite repeated incidents of harm, reflects systemic failures in supervision, reporting, and student safety protocols.

24. As a direct and proximate result of Defendant's conduct, Plaintiff suffered physical injuries, emotional distress, and disruption to her educational experience.

25. Plaintiff also made multiple attempts to report concerns related to her child's situation to the Wisconsin Office of School Safety over a period of approximately two years but did not receive any response. These efforts demonstrate Plaintiff's attempts to seek assistance and resolution through appropriate channels prior to pursuing legal action.

## V. CLAIMS FOR RELIEF

### COUNT I
Title IX – Deliberate Indifference

26. Plaintiff realleges and incorporates the preceding paragraphs.

27. Defendant is a recipient of federal funding and is subject to Title IX.

28. Defendants had actual knowledge of ongoing student-on-student harassment and physical harm directed at Plaintiff.

29. Defendant acted with deliberate indifference by failing to respond in a manner that was clearly reasonable under the circumstances.

39. Defendant maintained policies, practices, or customs that were the moving force behind the violations of Plaintiff's rights, including:

a. Failure to adequately supervise students

b. Failure to properly document incidents of harm

c. Failure to train staff in responding to student safety issues

40. These policies and failures demonstrate deliberate indifference to the rights and safety of students.

41. A municipality may be held liable where a policy, practice, or custom causes constitutional violations, as established in Monell v. Department of Social Services.

---

## VI. DAMAGES

42. As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered:

- Physical injury
- Emotional distress
- Pain and suffering
- Educational disruption

43. Plaintiff seeks:

- Compensatory damages
- Emotional distress damages
- Costs and attorney's fees pursuant to 42 U.S.C. § 1988

30. Defendant's failure to act effectively denied Plaintiff equal access to educational opportunities and benefits.

31. The standard for deliberate indifference is established in Davis v. Monroe County Board of Education, where a school may be held liable when its response to known harassment is clearly unreasonable in light of the circumstances.

---

### COUNT II
32 U.S.C. § 1983 – Violation of Constitutional Rights

33. Plaintiff realleges and incorporates the preceding paragraphs.

34. Defendant, acting under color of state law, deprived Plaintiff of her constitutional right to bodily integrity and personal security.

35. Defendant's deliberate indifference to known risks of harm created a dangerous environment and directly resulted in Plaintiff's injuries.

36. Liability attaches where officials act with deliberate indifference to known risks of harm, depriving individuals of constitutional protections.

---

### COUNT III
Municipal Liability (Monell Claim)

38. Plaintiff realleges and incorporates the preceding paragraphs.

- Any further relief this Court deems just and proper

---

## VII. DEMAND FOR JURY TRIAL

44. Plaintiff demands a trial by jury on all issues so triable.

---

Dated: 04/02/2026

Respectfully submitted,

Cassandra Morter

1104 Dunn St. Apt 1

Portage, WI 53901

608-535-0819

Claiken01@gmail.com

Pro Se Plaintiff